### STATE OF MAINE *vs.* JACK ENNIS.

York County. Decided October 9, 1922. The respondent was tried upon the charge of selling intoxicating liquor and a jury verdict of guilty was returned against him. At the conclusion of the charge to the jury the respondent presented three requested instructions as follows;

First: That the respondent was acting as the agent of the officer in procuring the liquor in question and is not guilty as charged as a matter of law.

Second: That if the jury find as a matter of fact that the officer gave the respondent the money to purchase the liquor, and that the respondent afterwards purchased the same with that money, as a matter of law the respondent was acting as the agent of the officer or detective and is not guilty as charged.

Third: The proving that the respondent was using this agency as a "cover" is on the State.

The transcript of the testimony was made a part of the bill of exceptions. The charge of the presiding Justice is not brought before us and, as no exceptions thereto are noted, we must assume that it contained a full and correct statement of the principles of law governing the case, including full and correct instructions regarding the law of agency in matters like the case at bar.

With reference to the first requested instruction the presiding Justice said, "I cannot give you that instruction as a matter of law. It is a question of fact, as I have already stated to you, whether he was acting as the agent of the officer, in good faith, or whether the supposed agency is a mere cover." The refusal to give the requested instruction, and the reason for the refusal, are correct and in complete harmony with the legal principles governing the trial of criminal causes, whereby the determination of issues of fact is left to a jury.

With reference to the second requested instruction the presiding Justice said, "I cannot give you that as a matter of law. It is a question of fact. The mere giving of the money, and mere payment for the liquor in advance is not decisive of the question of agency."

Here also the refusal to give the requested instruction, and the reason for the refusal, are correct, especially so when issues of fact are to be decided by consideration of all the evidence in the case and not alone by a single piece of evidence which may or may not be supported by other evidence.

With reference to the third requested instruction the presiding Justice said, "I give you that. I have given you that as a part of the general instruction that the burden is upon the State to satisfy you of its contention that there was a sale of liquor."

No error appearing in the rulings, and refusals to rule, the mandate must be exceptions overruled. Judgment for the State. *Edward S. Titcomb, County Attorney,* for State. *Stewart & Putnam,* for respondent.